IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARVIN PERKINS, #96010**                                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:09-cv-169-TSL-JCS**

**MARLIN A. MILLER, JR. AND**
**RONNIE PENNINGTON**                                                   **DEFENDANTS**

<u>ORDER</u>

BEFORE THE COURT is Plaintiff's correspondence [18] which this Court construes as a motion to appoint counsel in the above entitled action.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the Plaintiff, but also possibly to the Court and the Defendants, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d at 253; and *Ulmer v. Chancellor*, 691 F.2d at 213. It is also appropriate for the Court to consider whether the indigent Plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 Plaintiff to recover attorney's fees. *See Jackson v. Cain*, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982). Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of "exceptional circumstances". Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

**IT IS THEREFORE ORDERED AND ADJUDGED,** Plaintiff's correspondence [18]

construed as a motion to appoint counsel is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the ___16th___ day of October, 2009.


                                            s/ James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE