**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MARVIN PERKINS, #96010**                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:09-cv-169-TSL-JCS**

**MARLIN A. MILLER, JR. AND**
**RONNIE PENNINGTON**                                                    **DEFENDANTS**

<u>ORDER</u>

On March 23, 2009, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and

requested *in forma pauperis* status.  On July 15, 2009, an order [12] was entered directing

Plaintiff to file a written response on or before August 3, 2009.  The Plaintiff was warned in this

Court's order [12] of July 15, 2009, that failure to timely comply with the requirements of the

order may lead to the dismissal of his complaint.  On July 23, 2009, Plaintiff filed

correspondence with this Court which was filed as a response [14].  It appears that this

correspondence is in response to this Court's order to show cause [9].  This correspondence in no

way complied with this Court's order [12].  Additionally, a second letter [15] was filed by the

Plaintiff on August 26, 2009, requesting copies of all pleadings and correspondence and

requesting this Court to inform him who is representing him in this matter.  The Clerk was

directed to mail the Plaintiff a copy of the docket sheet for the instant case and Plaintiff was

informed that he has no representation in this civil action.  Plaintiff filed a response [17] to this

Court's order to show cause [16] which again failed to comply with this Court's order [12] to file

a written response.

Since the Plaintiff was granted *in forma paueris* status this Court is in the process of

screening the complaint as provided for by 28 U.S.C. § 1915A and requires the information it

requested in order to complete the screening process.  Even though this Court must liberally

construe the *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts.

*See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).  It is the Plaintiff's responsibility to plead his case and if he fails to do so this case will be dismissed for failure to state a claim and for failure to comply with Court orders.  In the interest of justice and out of an abundance of caution, Plaintiff will be provided a **final** opportunity to comply with the Court's order [12].  Accordingly, it is

ORDERED:

1. That Plaintiff is granted until and including November 2, 2009, to comply with this Court's order [12] of July 15, 2009.

2. That the Clerk is directed to mail along with this order a copy of this Court's order [12] of July 15, 2009 to the Plaintiff at his last know address.

3.  That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in this cause being dismissed without further written notice to the Plaintiff.

4. That the Plaintiff is required to file his original response to this order with the **Clerk of Court, United States District Court, P.O. Box 23552, Jackson, Mississippi 39225-3552**.  Failure to properly file a response may result in this civil action being dismissed.

THIS, the ___16th___ day of October, 2009.


 s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE