IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARVIN PERKINS**                                                                     **PLAINTIFF**

**V.**                                      **Civil Action No.: 3:09cv169-TSL-MTP**

**MARLIN MILLER et al.**                                    **DEFENDANTS**

### OMNIBUS ORDER

The Plaintiff appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 10, 2011. Plaintiff appeared *pro se*; no appearance was made by the one remaining defendant, Harvey Rayborn. The court scheduled this hearing for the combined purposes of conducting a *Spears* hearing,[1] a scheduling/case management hearing, and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claim against Defendant Harvey Rayborn accrued while he was a post-conviction inmate at South Mississippi Correctional Institute. Currently, Plaintiff is still incarcerated there. A May 19, 2010 Order by the court dismissed Defendants Marlin Miller and Ronnie Pennington because the court liberally construed Plaintiff's claims as to those defendants as habeas corpus claims pursuant to 28 U.S.C. § 2254, which the court found to be barred due to a failure to available exhaust state remedies

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

pursuant to 28 U.S.C. § 2254 (b)(1)(A). *See* Order [42]. Plaintiff's claims were clarified and amended by sworn testimony during the *Spears* hearing. As a result, the following claim, pursuant to 42 U.S.C. § 1983, is pending before the Court, and no further amendments will be allowed absent a showing of good cause:

Plaintiff asserts a violation of due process claim against Harvey Rayborn, who served as the court reporter during the course of Plaintiff's supervised release revocation hearing on January 12, 2009. *See Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980)("[D]ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for the completion of an appellate record."). In support of this claim, Plaintiff alleges that he has submitted at least two requests to Harvey Rayborn for a free transcript of Plaintiff's revocation hearing. Plaintiff alleges that he was denied those requests on both occasions and argues that a failure to provide his transcript without a fee violates his right to due process in that it prevents him from developing his habeas claims and/or petition for post conviction relief in state court. Plaintiff seeks injunctive relief from the court, namely that the court order Defendant to provide Plaintiff with a transcript without assessing Plaintiff a fee. Currently, Plaintiff has no post conviction relief petition pending before the state trial court or the Mississippi Supreme Court. *See* Order [42] at 4.

## DISCOVERY ISSUES

All discovery requests made by Plaintiff are contained in Plaintiff's pending motion. *See* Docket Entry [61].

**PENDING MOTIONS**

Plaintiff filed a [61] Motion for Production of Documents wherein he moves to have Rankin County Jail produce incarceration records, medical records, and any records of disciplinary infractions or administrative grievances submitted by Plaintiff Rankin County Jail from June 19, 2007 until his release date of August 30, 2008. This motion is denied as moot given that Plaintiff's claims against Marlin Miller and Ronnie Pennington were dismissed. This request for production of documents is not relevant to Plaintiff's claim against Harvey Rayborn.

Plaintiff filed a [63] Motion to Dismiss Due to Clerical Error of the Court wherein Plaintiff reasserts his habeas corpus claims against the State of Mississippi. This motion is likewise dismissed as moot given that no habeas corpus claims are pending before this court in the instant suit.

**MOTIONS DEADLINE**

No deadline for motions has been set. The court will take Plaintiff's claim under advisement and will issue a separate order addressing the merits of the claim. In the event that Plaintiff is found to have a cognizable claim against Defendant, the court will enter a scheduling order at such time.

Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED, this the 19th day of May, 2011.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge