IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARVIN PERKINS**                                                                                          **PLAINTIFF**

**V.**                                                                    **Civil Action No.: 3:09cv169-MTP**

**MARLIN A. MILLER, et al.**                                                                      **DEFENDANTS**

## ORDER

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).[1] Having reviewed the complaint and the applicable law, and having considered Plaintiff's testimony given at his *Spears*[2] hearing, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff Marvin Perkins appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 11, 2011. As clarified by his sworn

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on May 5, 2011.

testimony given during his *Spears* hearing, Plaintiff asserts a violation of due process claim against Harvey Rayborn, who served as the court reporter during the course of Plaintiff's supervised release revocation hearing on January 12, 2009. In support of this claim, Plaintiff alleges that he has submitted at least two requests to Harvey Rayborn for a free transcript of Plaintiff's revocation hearing. Plaintiff alleges that he was denied those requests on both occasions and argues that a failure to provide his transcript without a fee violates his right to due process in that it prevents him from developing his habeas claims and/or petition for post conviction relief in state court. Plaintiff seeks injunctive relief from the court, namely that the court order Defendant to provide Plaintiff with a transcript without assessing Plaintiff a fee. *See* Omnibus Order [66].

     The Fifth Circuit has held that "[D]ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for the completion of an appellate record." *See Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980). However, an indigent litigant generally "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971); *see also Ballard v. Rankin County*, No. 3:10–cv–604–CWR–LRA, 2011 WL 1626540, *1-*2 (S.D. Miss. Apr. 28, 2011) (dismissing as frivolous plaintiff's due process claim that he was entitled to a free copy of his state court record in order to purse his post-conviction remedies); *Huggins v. Madison County*, 3:10–cv–712–HTW–LRA, 2011 WL 1540361, at *1-*2 (S.D. Miss. Apr. 22, 2011). Currently, Plaintiff has no post-conviction relief petition pending before the state trial court or the

Mississippi Supreme Court. *See* Order [42] at 4.  Accordingly, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and his complaint will be dismissed as frivolous and for failure to state a claim, with prejudice.

    IT IS, THEREFORE, ORDERED:

1.    This action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    Since this case is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), it will be counted as a "strike."  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

3.    A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

    SO ORDERED AND ADJUDGED this the 5th day of July, 2011.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge