**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

MARVIN PERKINS                                                                   PLAINTIFF

V.                                                             Civil Action No.: 3:09cv169-MTP

MARLIN A. MILLER, et al.                                                      DEFENDANTS

## ORDER

THIS MATTER is before the court on the Motion for Miscellaneous Relief [72] filed by

Plaintiff.  The court having considered the motion finds that it should be DENIED.

In his Motion [72], Plaintiff seeks post-conviction collateral relief relating to his

revocation hearing that took place in the Rankin County Circuit Court before Judge John

Emfinger.  Plaintiff further argues that he is entitled to the transcript and other documents from

his revocation hearing.

On July 5, 2011, this court entered a Memorandum and Opinion [70] dismissing this

action pursuant to 28 U.S.C. § 1915(e)(2)(B); the Final Judgment [71] was entered on July 7,

2011.  To the extent Plaintiff's Notice of Motion can be construed as a motion to reconsider, the

motion should be denied.  This court enjoys the inherent power to "reconsider, rescind, or

modify an interlocutory order for cause seen by it to be sufficient."  *Melancon v. Texaco, Inc*.,

659 F.2d 551, 553 (5th Cir. 1981).  Generally, "motions to reconsider are analyzed under Rule

59(e) of the Federal Rules of Civil Procedure."  *McDonald v. Entergy Operations, Inc*., No.

5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005).  This court has "considerable

discretion" in deciding whether to grant a motion for reconsideration.  *See Edward H. Bohlin Co.

v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, granting a motion for reconsideration

"is an extraordinary remedy and should be used sparingly."  *In re Pequeno*, 240 Fed. App'x 634,

636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

In addition to Plaintiff's motion to reconsider being untimely,[1] Plaintiff has failed to demonstrate any of these grounds. Thus, the motion must be denied.

To the extent Plaintiff is seeking post-conviction collateral relief, he is advised that the proper vehicle to do so is through a habeas corpus petition pursuant to 28 U.S.C. § 2254, which should be filed as a separate cause of action. Plaintiff is advised to contact the legal assistance program at his facility for appropriate forms if he desires to pursue a habeas corpus action.[2]

---

[1]"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2]Plaintiff should be familiar with the process for filing a habeas petition. He filed a petition pursuant to Section 2254, apparently involving the same revocation hearing referenced in this motion, on or about July 13, 2010, in this court. *See Perkins v. State*, No. 3:10cv393-DPJ-FKB. His petition was dismissed for failure to prosecute and failure to comply with court orders on December 14, 2010. *See* Order [14]. By observing that Plaintiff may file a habeas

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [72] is DENIED.

SO ORDERED this the 29th day of November, 2011.

s/ Michael T. Parker
United States Magistrate Judge

---

petition, this court in no way suggests that such a petition would be meritorious, timely, or otherwise procedurally proper.